# Dolan's Appeal.

1. The Courts of Quarter Sessions have power under the Act of March 22d, 1867, section 1 (P. L. 40) to revoke duly granted licenses to sell intoxicating liquors, upon sufficient cause being shown.

2. Upon certiorari to an order of the Quarter Sessions revoking a license, where the record shows the jurisdiction of the Court and the regularity of the proceedings, the order will be affirmed. It is not necessary in such case that the existence of sufficient cause for revoking the license should appear on the face of the record; in the absence of record evidence to the contrary, it will be presumed that the discretion of the Court below was properly exercised. The Supreme Court cannot consider the testimony taken in the Court below.

3. An appeal does not lie in such case.

February 2d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to and Appeal from the Court of Quarter Sessions of *Fayette County:* Of July Term, 1884, No. 88.

This was an appeal and certiorari taken by James Dolan from an order of said Court revoking a license duly granted to him to sell intoxicating liquors.

The record of the Court below showed the following:—

March 10th, 1884, hotel license granted to James Dolan. March 17th, 1884, rule on James Dolan to show cause why the license granted to him should not be revoked; returnable the last Monday of April, 1884. April 8th, 1884, rule and copy

issued.    April 10th, 1884, rule ex parte applicants to have li-
cence revoked and copy issued; service of above rule accepted
by R. P. Kennedy, Esq., attorney for James Dolan.    April
26th, 1884, rule returned with depositions attached and filed;
service of filing accepted by R. P. Kennedy, Esq.    April 29th,
1884, on argument list.    May 1st, 1884, continued to first
Monday of May, 1884.    March adjourned court, 1884, on
argument list.    May 5th, 1884, continued to May 17, 1884.
May 13th, 1884, continued to last Tuesday of May, 1884.
May 27th, 1884, on argument list; same day argued C. A. V.
May 28th, 1884, rule absolute.—Per Curiam.

Error was assigned as follows:

1. The Court below erred on the 17th of March, 1884, in
ordering a rule on the appellant to show cause why his license
should not be revoked, to be issued without a statement of
facts supported by affidavit to found said action upon.

2. The Court erred in making the rule to show cause why
the appellant's license to keep a hotel should not be revoked,
absolute.

*Edward Campbell* (*R. P. Kennedy* with him), for the ap-
pellant.—The statutory jurisdiction of the Quarter Sessions
depends upon "sufficient cause being shown," and that
requisite should appear on the face of the record.    The only
sufficient cause, we contend, is a conviction for any of the of-
fences declared by the legislature to be grounds of revocation.
'The discretion in this case had nothing to support its exercise,
and the depositions taken under the rule and brought up with
the record, show that it was exercised arbitrarily.    The effect
of the order is to deprive the appellant of his vested property
rights contrary to the bill of rights.

*Mestrezat*, contra.

Mr. Justice STERRETT delivered the opinion of the court
February 16th, 1885.

It appears from the docket entries of the Court below that
on March 10th, 1884, James Dolan was licensed to keep a
hotel, and on the 17th of same month he was ruled "to show
cause why the license granted to him should not be revoked."
Service of the rule was duly accepted by his attorney, testi-
mony was taken and the case set down for argument.    After
several continuances, it was heard and held under advisement,
and on May 27th the rule to show cause, &c., was made abso-
lute.    On the following day Dolan made affidavit, entered into
recognizance with sureties, &c., and appealed from the order
of Court revoking his license.    A few days thereafter a writ

[Dolan's Appeal.]

of certiorari, to remove the record, was received and filed. With the exception of the original petition for license, the foregoing is a correct summary of the facts exhibited by the record presented to us for review.

It is scarcely necessary to say that no appeal is given in such cases, and if it were not for the fact that we may review the proceeding on the writ of certiorari, the case might be summarily disposed of by quashing the appeal.

In considering the case on the certiorari, we are necessarily restricted to what appears on the face of the record proper. If manifest error does not there appear, the order complained of must be affirmed. The testimony, remonstrances, &c., brought up with the record, form no part thereof, and cannot be resorted to for any purpose: Peet *v.* City of Pittsburgh, 15 Norris, 218.

If the Court of Quarter Sessions had jurisdiction of the subject matter and the plaintiff in error had his day in Court, it must be presumed, until the contrary appears by the record, that the proceedings were regular. *Omnia præsumunter rite esse acta.*

The Act of March 22d, 1867, Purd. 945, pl. 29, provides that it shall be lawful for the Courts of Quarter Sessions " to hear petitions, in addition to that of the applicant, in favor of and remonstrances against the application for such license, and in all cases to refuse the same whenever, in the opinion of said Court, having due regard to the number and character of the petitioners for and against such application, such license is not necessary for the accommodation of the public, and entertainment of strangers and travelers; and, upon sufficient cause being shown, the said Courts shall have power to revoke any license granted by them." The Court therefore had jurisdiction of the subject; it had the power, "upon sufficient cause being shown," to revoke the license which it had granted to plaintiff in error. He was duly brought into Court, testimony was taken, and, as the record shows, after hearing and due consideration the Court, in the exercise of the discretion with which it was invested, revoked the license. If there was anything on the face of the record to show affirmatively that the Court acted arbitrarily and without cause, or that the cause shown was wholly insufficient, it would exhibit such an abuse of discretion as would demand a reversal of the order complained of; but nothing of the kind appears in the record before us, and we have no right to go outside in search of something on which to convict the Court below of error, nor do we feel disposed to do so.

Appeal quashed, and order revoking the license granted to plaintiff in error, affirmed.