## Appeal of Theodore J. Moyer.

*Appeals—Liquor law—Findings of quarter sessions on negligent sales to minor.*

The question, arising on application to revoke a license, of respondent's negligence in sale of liquor to minors was one of fact for the exclusive determination of the court of quarter sessions and its finding is not reviewable on appeal. The appellate court will not review when the record shows that the court below kept within the limits of its jurisdiction and proceeded with regularity according to law.

Argued Oct. 3, 1898. Appeal, No. 14, Oct. T., 1898, by Theodore J. Moyer, from judgment of Q. S. Crawford Co., February Term, 1898, No. 55, revoking license. Before RICE, P. J., BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule to show cause why license should not be revoked. Before THOMAS, P. J.

It appears from the record that a petition was filed for the revocation of license of Theodore J. Moyer to sell liquor at retail, the petition setting forth that "on the evening of March 19, 1898, the said Moyer did sell liquors and intoxicating drinks to H. B. McManagel, and others all of whom are under the age of twenty-one years and having the appearance of being minors."

The court below granted a rule on such petition to show cause why such license should not be revoked and after hearing on testimony taken made the rule absolute, the court below filing an opinion.

*Errors assigned* among others were (1) in finding the appellant chargeable with negligence.   (3) In entering order revoking the license to sell liquor at retail.

*Chas. E. Richmond,* for appellant.—The alleged violation should have been proven to have been knowingly or negligently committed beyond a well-founded reasonable doubt.

Carlson's License, 127 Pa. 330, cited by the court below, does not sustain the conclusion of the court, because, as the learned court below finds in his opinion, the sale was not made by or through Moyer knowingly, and this fact is not denied by the commonwealth.   That there was no negligence by the proprietor or even the bartender is clearly proven by the evidence.

*F. P. Ray,* for appellee, filed no paper-book.

OPINION BY RICE, P. J., October 24, 1898:

This is an appeal from an order revoking a retail liquor license.   The petition alleged all the facts necessary to give the court jurisdiction.   The respondent was accorded a full opportunity to be heard and the proceedings were in all respects regular.   In short, the record shows that the court kept within the limits of its jurisdiction and proceeded with regularity according to law.   The question as to the respondent's negligence in the sale of liquor to these minors was one of fact and for the exclusive determination of the court of quarter sessions and its finding is not reviewable upon appeal, for the reason that an appeal in such a case is but a mere substitute for a certiorari and does not bring up the evidence. Finding no error in the record and no abuse of discretion being apparent, the order is affirmed and the appeal dismissed at the costs of the appellant.