## Hilleman's License.    Appeal of Louis Hilleman.

*Liquor law—Refusal of license—Presumption of legal reasons.*

The license court on a petition for a license is not confined in its investigation to the objections stated in the remonstrance ; the legal presumption is that the matter was considered and decided within the statutory provisions, and that, after a hearing resulting in a refusal of a license, there was a legal reason for the decree.

Argued Oct. 6, 1899.    Appeal, No. 108, Oct. T., 1899, by Louis Hilleman, from order of Q. S. Phila. Co., refusing application for wholesale liquor license. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.    Per Curiam.

Application of Louis Hilleman for wholesale liquor license. Before WILTBANK and McCARTHY, JJ.

568 HILLEMAN'S LICENSE.

Statement of Facts—Opinion of the Court. [11 Pa. Superior Ct.

It appears from the record that a petition was filed February 6, 1899. On February 28, 1899, an order of court was filed. March 24, 1899, remonstrance filed. March 28, 1899, petition and remonstrance heard and held under advisement. April 29, 1899, petition refused. May 4, 1899, petition for rehearing filed. May 6, 1899, petition dismissed. Louis Hilleman appealed.

*Error assigned* was refusing a license to sell liquor at wholesale for the year beginning June 1, 1899.

*Theodore F. Jenkins,* for appellant.—When a club has been in existence for many years, makes no concealment of its existence, a purchase of liquor by it is not a violation of law, and a sale to it can be made by a wholesale dealer without incurring the penalty of the loss of his license: Klein v. Livingston Club, 177 Pa. 224; Com. v. Smith, 2 Pa. Superior Ct. 474; Schlaudecker v. Marshall, 72 Pa. 200.

"If the court has in a lawful manner performed the duty imposed upon it, it is not our business to inquire whether it has made a mistake in its conclusions of fact. . . . A decree made arbitrarily, or in violation of law, it is our plain duty to set aside:" Gross's License, 161 Pa. 344; Distiller's License, 6 Pa. Superior Ct. 87.

As the court below has not given any reason for its action, and as the only reason set out in the remonstrance is not a valid one, the case comes within the ruling in Johnson's License, 156 Pa. 322.

*Lewis D. Vail* and *D. C. Gibboney,* for appellee, filed no paper-book.

PER CURIAM, November 20, 1899:

The record, which is all that we can look at on this appeal, shows that the petition and remonstrance were heard on March 28, and held under advisement until April 29, when the petition was refused. We see no error in this record. It has been held repeatedly that the judge need not set forth on the record his reason for refusing a license (see Netter's Appeal, ante, p. 566 and cases there cited), also that the court is not confined in its investi-

gation to the objections stated in the remonstrance. In Com. v. Kerns, 2 Pa. Superior Ct. 59, where the remonstrance was precisely the same as in this, our Brother ORLADY, speaking for the court, said : " The reasons for the decree are not given, nor is it necessary that they should be on the record. In its investigation the court would not be limited by, nor confined to, the objections stated in the remonstrances. Under our license system, the legislature has imposed on the court of quarter sessions the duty of hearing and acting upon these applications; the power to judicially grant or refuse is lodged there. . The legal presumption is that the matter was considered and decided within the statutory provisions; and that after a hearing resulting in a refusal of the license there was a legal reason for the decree." All the questions raised on the argument of the appeal were fully considered in the case cited, and it is unnecessary to discuss them further.

The order is affirmed.