## Meenan's License.    Appeal of Daniel Meenan.

*Revocation of license—Presumption of legal action—Appeal.*

The fact that a petition for a new license and a petition to revoke the existing license were heard at the same time raises no presumption that the investigation was confined to the matter alleged in the latter petition; nor does such record disclose anything to take the case out of the well-settled rule that, where a license has been refused after a hearing, the presumption on appeal is that the refusal was for a legal reason unless the contrary affirmatively appears.

Argued Oct. 12, 1899.    Appeal, No. 121, Oct. T., 1899, by Daniel Meenan, from order of Q. S. Phila. Co., refusing petition for retail liquor license.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.    Per Curiam.

Application for retail liquor license.    Before WILTBANK and McCARTHY, JJ.

It appears from the record that a petition was filed Febru-

ary 6, 1899.   On February 28, 1899, the general order of court
filed.   April 3, 1899, petition heard upon rule to revoke and held
under advisement.   April 29, 1899, petition refused.   May 4,
1899, petition for rehearing filed.   May 6, 1899, petition dis-
missed.   Daniel Meenan appealed.

*Errors assigned* were (1) in refusing the petition for a li-
cense to sell liquor at retail for the year commencing June 1,
1899.   (2) In refusing to grant the appellant a license to sell
liquor at retail for the year aforesaid, without a hearing.   (3) In
refusing to grant the appellant a license as aforesaid, in accord-
ance with the rules promulgated for its guidance at the opening
of the license court.   (4) In refusing to grant the appellant a
license as aforesaid upon the ground that he had violated the
laws of the commonwealth in selling liquor at retail in quanti-
ties greater than a quart.

*John G. Johnson*, with him *Keator & Freeman*, for appellant.
—Mr. Justice DEAN in Gross's License, 161 Pa. 344, said in
construing the meaning of the Act of June 9, 1891, P. L. 257,
regulating the sale of liquor at wholesale, etc., and which con-
tains identical provisions with reference to hearings as the re-
tail act of 1887 : "The applicant hath a right to be heard and
so have objectors.   A decree without a hearing or opportunity
for hearing at a time fixed by rule or standing order, as the law
directs, would be manifestly illegal, and on certiorari would be
set aside."   See also to the same effect : Gemas's License, 169
Pa. 43; Kelminski's License, 164 Pa. 231; Donoghue's License,
5 Pa. Superior Ct. 1.

The only suggestion of a hearing being given the appellant
on his petition is the docket entry, "April 3, 1899, petition
heard upon rule to revoke," etc.   The only inference to be
drawn from such a fact is that the court chose to regard the
hearing of the rule to revoke appellant's existing license a suf-
ficient hearing of the petition for a renewal.   It is evident that
the court did treat the two several distinct matters as one,
because only the one hearing of April 3 was granted.   It is
contended under these facts that the applicant was not given a
hearing on his petition such as the law contemplates, and for
this reason the court's order should be reversed.

The proposition that the regularity of the exercise of the discretion of the lower court will be presumed where nothing appears to the contrary is admitted, and the further principle that said discretion once exercised after hearing will not be reviewed by the appellate courts is too well settled to need the citation of authority. And however much we may regret the right, and criticise the refusal of a court to state its reasons of record in cases of this character, yet the law is clear that the court is only bound to have reasons and not to state them of record. Therefore, although the law requires the court in disposing of retail liquor licenses to exercise a legal and not an arbitrary discretion, yet it is within the power of a judge or judges to act arbitrarily or upon reasons legally insufficient by reason of their right and the exercise of it, to refuse to state their reasons of record. So that Chief Justice PAXSON, in Prospect Brewing Company's Petition, 127 Pa. 523, said:

"If the record does not disclose the reason for the refusal, it would be impossible to review the action of the court below, no matter how illegal or arbitrary the action of the court might be, or how vast the interests that are thus stricken down. As to such matters a quarter sessions judge would sit as absolute a despot as the Emperor of China."

Because, then, of this very power of the license court, the appellate tribunals we think should be, and we believe are, astute to lay hold of any reason upon which the court below acts, and to examine it in order to ascertain whether it be a discretion exercised in accordance with law or otherwise.

Therefore, though technically not a part of the record, and not strictly subject to review for that reason, the appellate courts have decided that where a court spreads its reason for its action upon the record, either as a part of the decree or in an opinion filed, they will review them: Donoghue's License, 5 Pa. Superior Ct. 1.

It is apparent that the sale of brewed or malt liquors by a retailer in quantities greater than a quart is not a violation of the act of 1887 or of any other act of assembly in force in this commonwealth, that no penalty is provided for the same, and that the same does not, therefore, constitute sufficient legal grounds for the revocation of an existing license or the refusal to grant a new one. That to construe the Act of May 13,

1887, P. L. 108, in such a manner as to make the sale of malt or brewed liquors at retail in quantities greater than a quart a good ground for the action of the lower court, is to upset the rules of statutory construction that have been followed in the various courts of England and the United States for upwards of a century. Such a construction is not warranted by the words of the act, as was said by Lord TENTERDEN, in Rex v. Barham, 8 B. & C. 99 (1828), 104.

*Lewis D. Vail* and *D. C. Gibboney*, for appellee, filed no paper-book.

PER CURIAM, November 20, 1899:

The argument of the appellant's counsel is to the effect that, inasmuch as the record shows that the petition was "heard upon rule to revoke," the presumption is that the license was refused for the reason assigned in the petition to revoke, and as that was not a legal reason there was an abuse of discretion which will be corrected on appeal. If all the premises be admitted the conclusion follows. As our Brother SMITH tersely said in Donoghue's Appeal, 5 Pa. Superior Ct. 1: "An abuse of discretion is not a proceeding according to law, but is contrary to law." But we cannot assent to the proposition that the fact that the petition for a new license and the petition to revoke the existing license were heard at the same time raises any legal presumption that the investigation was confined to the matter alleged in the latter petition. Both petitions were before the court for hearing and disposition, and the court was not precluded from considering any fact having a legitimate bearing on either. See Quinn's Appeal, ante, p. 554. If, for example, it had been disclosed on the hearing that the petitioner was not a citizen, or that the sales referred to in the petition to revoke had been made to minors or to persons of known intemperate habits, would the court have been bound to ignore those facts in disposing of the petition for a renewal of the license? Clearly not. We do not intimate that there was such evidence. We know not what the evidence was. It is not before us, and could not be considered even if a transcript of the stenographer's notes had been printed in the paper-book. It is sufficient for us to say that facts might

have appeared which would have made it an abuse of discretion to grant the new license, even though the reason assigned for revoking the old license was insufficient in law or untrue in fact.   To repeat, there is no legal presumption that the license was refused exclusively for the reason set forth in the petition to revoke the old license.   ,Whether or not that was a legal reason for revoking the license we shall discuss in the cases where the question directly arises.   We find nothing in this record to take the case out of the well-settled rule that where a license has been refused after a hearing the presumption on appeal is, that the refusal was for a legal reason unless the contrary affirmatively appears.

The order is affirmed.