## Weaver's License.

*Liquor law—Appeal—Review—Discretion of court.*

An appeal from an order refusing a liquor license brings up nothing for review which would not have been brought up by certiorari prior to the Act of May 9, 1889, P. L. 158. It does not bring up the evidence nor the rulings of the court upon questions of evidence. There is no mode provided by law for bringing them upon the record. The discretionary power to grant or refuse liquor license applications is vested exclusively in the court of quarter sessions.

The court of quarter sessions need not set forth in the order its reasons for refusing a liquor license; if it does not set them forth, it will be presumed that the license was refused for a legal reason and not arbitrarily.

Argued March 13, 1902. Appeal, No. 28, March T., 1902, by Elmer E. Weaver, from order of Q. S. York Co., refusing an application for a liquor license, In re Application of Elmer E. Weaver for a Liquor License. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for a liquor license in the borough of York Haven. Before BITTENGER, P. J.

96 WEAVER'S LICENSE.

Opinion of the Court—Assignment of Errors. [20 Pa. Superior Ct.

The court refused the application in an opinion which was in part as follows:

We are not satisfied on the face of all the testimony which has been offered here, both on the part of the petitioner as to this house of Mr. McGrady's, and of Mr. McGrady's testimony, and the other witnesses's testimony, who came here to testify, and testified that that is not a respectable house, and well kept. We have the testimony of Mr. Carter and Judge STEWART, who are not residents of that place, but who have extensive interests in the paper mill, and in the power company, and who go there frequently, both of whom stop at the company's house, it is true, and not at the hotel; but Mr. Carter and Judge STEWART, going there every week, their testimony is that the second hotel is not necessary. The testimony of Judge STEWART is that there are at least four or five trains going north each day, and five coming south; and their testimony is that people come on one train, transact their business, and go off in the next. Business people do not transact business as they may have done forty or fifty years ago; they just spend enough time to transact their business. A business man does not desire to spend the night at York Haven, unless he has some business that could not be transacted during the day; and in the transaction of business at York Haven a hotel could not expect many such persons as guests. Business men go there to spend an hour's time, transact their business, and go off on the next train either north or south. They prefer better hotels than could be expected at York Haven. It would seem that the present hotel is as good as could be expected there now. The only wonder is that Mr. McGrady has been able to keep that hotel as well and as respectably as he has,—a hotel so well kept as is shown by the testimony here to-day,—and we do not think it could be kept better with another hotel, under the circumstances; or that another hotel would be better kept than the house of Mr. McGrady; and we are satisfied of this from the evidence, from the character of the house, and our personal knowledge of it. [Taking the testimony in this case, and everything into consideration, we reach the conclusion that the granting of the license is not necessary in our opinion and we refuse to grant it.] [1]

*Error assigned* was the order refusing a license.

*J. S. Black*, for appellant.—The act of 1887 accords the applicant a hearing, and it is certain that the discretion to be exercised by the court "is a judicial discretion, to be exercised for legal reasons and in a judicial manner:" Gemas's License, 169 Pa. 43.

Ordinarily when the court, acting within its power, has exercised its discretion, in a license case, the petitions and evidence will not be considered by the appellate court. But where the complaint is that the court has arbitrarily exercised its discretion, or has put its decision on other than legal grounds, the appellate court will consider all the evidence: Kelminski's License, 164 Pa. 231; Johnson's License, 156 Pa. 322.

*H. H. McClune*, with him *John W. Heller*, for appellee.— Upon a certiorari in a license case the evidence taken in the court below forms no part of the record, and will not be reviewed for the purpose of determining questions of fact passed upon by the court below at the hearing of the application: McCabe's License, 11 Pa. Superior Ct. 563; Hollander's License, 11 Pa. Superior Ct. 23.

In Meenan's License, 11 Pa. Superior Ct. 578, the court below refused the license solely on the ground that there is no necessity for the hotel. And this the court had the right to do: Raudenbusch's Petition, 120 Pa. 328; Hollander's License, 11 Pa. Superior Ct. 23; Hilleman's License, 11 Pa. Superior Ct. 568; Di Nubile's License, 11 Pa. Superior Ct. 571.

Where there has been a judicial hearing and a refusal for a legal reason, the reviewing court will not assume to discuss the correctness of the result reached by the court below: Gross's License, 161 Pa. 344; Com. v. Kerns & Bro., 2 Pa. Superior Ct. 61.

PER CURIAM, April 21, 1902:

An appeal from an order refusing a liquor license brings up nothing for review which would not have been brought up by certiorari prior to the Act of May 9, 1889, P. L. 158. It does not bring up the evidence nor the rulings of the court upon questions of evidence. There is no mode provided by law for bringing them upon the record. The discretionary power to grant or refuse liquor license applications is vested exclusively

in the court of quarter sessions. When the legislature shall deem it wise, if it ever shall, to invest the appellate courts with power to review such proceedings upon their merits, they will undoubtedly provide a mode whereby the evidence and rulings made on the hearing may be brought upon the record. Until such mode is provided our investigation upon appeal must necessarily be confined to the record. Finding no error or irregularity in the record and no abuse of discretion being apparent, it is our plain duty to affirm the order. We have held in numerous cases that the court need not set forth in the order its reasons for refusing the license; if it does not set them forth it will be presumed that the license was refused for a legal reason and not arbitrarily. See Netter's License, 11 Pa. Superior Ct. 566, and cases there cited, and Hilleman's License, 11 Pa. Superior Ct. 567. But here the order quoted in the first assignment shows affirmatively that the license was refused for a legal reason.

All the assignments are overruled and the order is affirmed.