## McGinley's License.

*Liquor laws—Revocation of license—Petition—Answer—Hearing—Appeals—Certiorari—Residence of petitioners.*

Where a petition for the revocation of a retail liquor license on the ground of violation of the liquor laws, is met by an answer positively denying all the charges made in the petition, the court cannot under section 7 of the Act of May 13, 1887, P. L. 108, revoke the license without giving the respondent a hearing on the merits.

On an appeal from an order of the quarter sessions revoking a liquor license, the writ of certiorari brings up only the record, and the appellate court is only authorized to examine and review the proceedings of the court of quarter sessions, so far as to inquire and determine the extent and limits of its power, and the regularity of its exercise.

Where on such an appeal the record shows a petition for revocation, and a responsive answer thereto, but no hearing on the merits, and the opinion filed by the court below shows that the judge acted entirely upon evidence which he had heard in a criminal charge against the defendant for violating the liquor laws, in which the verdict was not guilty, the order of the court below revoking the license will be reversed.

The Act of May 13, 1887, P. L. 108, does not limit the number of persons who may institute a proceeding to revoke a license, to residents of a ward in which the licensed place is situated.

Where a petition for the revocation of a liquor license charges that the illegal sales were made by the respondent, "the holder of said license," it will be assumed that the sales charged in the petition were made after the date of the license referred to in the petition.

Argued Oct. 3, 1906. Appeal, No. 64, April T., 1907, by Charles McGinley, from order of Q. S. Indiana Co., Dec. T., 1905, No. 16, making absolute rule to revoke a retail liquor license in the application of Charles McGinley. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Petition to revoke a liquor license. Before TELFORD, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court of quarter sessions.

*W. F. Elkin* and *Samuel Cunningham*, with them *J. N. Langham*, for appellant, cited: Good v. Grit Pub. Co., 214 Pa. 614;

Carlson's License, 127 Pa. 330; Kocher's License, 27 Pa. C. C. Rep. 432.

*John H. Pierce*, for appellees, cited: Campbell's License, 8 Pa. Superior Ct. 524; Gabel's License, 3 Kulp, 204; Hasting & Ward's Case, 39 Legal Int. 440; Dolan's App., 108 Pa. 564; Moyer's App., 8 Pa. Superior Ct. 475; Moyer's License, 20 Pa. C. C. Rep. 663; Weaver's License, 20 Pa. Superior Ct. 95; Donoghue's License, 5 Pa. Superior Ct. 1; Pollard's Petition, 127 Pa. 507; Mead's License, 161 Pa. 375; Thomas's License, 169 Pa. 111; Templeton's License, 3 Pa. C. C. Rep. 434; 4 Lanc. L. Rev. 242; Woodward's License, 3 Montg. 190; Bosch's License, 5 Pa. C. C. Rep. 315; Slowitzski's License, 5 Kulp, 108; Carlson's License, 127 Pa. 330; Gillespie's License, 3 Pa. Dist. Rep. 461; McLaughlin's License, 24 Pa. C. C. Rep. 92.

OPINION BY PORTER, J., February 25, 1906:

The court of quarter sessions of Indiana county, on February 16, 1906, granted to Charles McGinley a license to sell liquors at retail for the year beginning April 2, 1906, at the expiration of a then existing license held by him. McGinley promptly paid the fee and took out the license. On March 24, 1906, a petition signed by a number of residents of the borough of Indiana, and duly verified by affidavit, setting forth the grant of the license aforesaid, that said McGinley had been the holder of a similar license for the same hotel for several years previous thereto, and that said "Charles McGinley, the holder of said license, has violated the laws of this commonwealth relating to the sale of liquors in the following manner: First. In furnishing by sale, gift or otherwise vinous, spirituous, malt or brewed liquors to minors. Second. In making sales of said liquors to persons of known intemperate habits. Third. In furnishing by sale, gift or otherwise liquors on Sunday." The petitioners prayed the court "to fix a day for hearing upon which they may produce witnesses before your honorable court to prove said violations of law and if upon said hearing the court is of the opinion that sufficient cause has been shown or that the said licensee has violated any law of this commonwealth relating to the sale of liquors that the said court then upon no-

tice being given shall revoke his said license." The court granted a rule on the appellant to show cause why his license should not be revoked. The appellant filed an answer, specifically denying that he had violated any of the laws of the commonwealth relating to the sale of liquors, either by furnishing the same by gift, sale or otherwise, to minors, or persons of known intemperate habits, or by furnishing the same by sale, gift or otherwise on Sunday. The appellant further set forth in his answer that a number of the petitioners did not live in the ward in which the licensed hotel was situated, and that the petition did not aver that the alleged violations of the law had occurred subsequently to February 16, 1906, the date when the license which it was sought to be revoked had been granted, and prayed that for these reasons the petition might be dismissed. The counsel for the respondent subsequently moved the court to dismiss the petition, for insufficiency, for the reasons set forth in the answer, which motion was argued, on April 30, 1906, and the court took the papers and held it under consideration. The court, on July 30, 1906, made an order making absolute the rule to show cause why the license should not be revoked, from which order we have this appeal.

The order to revoke the license is not founded upon the power of the court to modify or change its own decrees during the same term at which they are entered, for the proceeding to revoke this license was not commenced until after the expiration of the term at which the license was granted. Nor can the action be referred to the power of a court to modify its decrees which have been obtained through fraud or corrupt misrepresentation, for there is no allegation of anything of that kind in the petition in which the proceeding had its inception. The order can therefore be founded only in the power conferred upon the court by section 7 of the Act of May 13, 1887, P. L. 108, the material part of which is in these words: " Upon sufficient cause being shown or proof being made to the said court that the party holding a license has violated any law of this commonwealth relating to the sale of liquors, the court of quarter sessions shall, upon notice being given to the person so licensed, revoke the said license." The rule to show cause was based upon an ex parte affidavit or petition, alleging that the licensee had violated certain specific provisions of the law

relating to the sale of liquors, and, as the order of revocation specifies no other cause therefor, it is our duty to look into the petition: Meenan's Appeal, 11 Pa. Superior Ct. 575. The petition clearly confines the charge, against which the appellant was by the rule required to show cause, to a provision which authorizes a revocation upon " proof being made to the said court that the party holding a license has violated any law of this commonwealth relating to the sale of liquors." This provision of the statute means proof by evidence produced in a legal manner, of which the respondent shall have notice and where he shall have an opportunity to cross-examine the witnesses and, if he so desires to produce controverting testimony. The notice which the statute requires to be given a party whose license it is sought to revoke, is required to be given in order that he may have a chance to defend his rights, and this requirement of the statute is not complied with by a mere notice that the court intends to revoke the license, given after the court has already made up its mind, with or without evidence.

The writ of certiorari in this case brings up only the record, and had there been a hearing and testimony the conclusion of the court below as to the facts would not have been reviewable. The appellate courts, in cases of this character, are only authorized to examine and review the proceedings of the court of quarter sessions, so far as to inquire and determine the extent and limits of its power and the regularity of its exercise: Northampton County Commissioners' Appeal, 57 Pa. 452; Carlson's License, 27 Pa. 330; Pollard's Petition, 127 Pa. 507; Prospect Brewing Company's Petition, 127 Pa. 523; Donoghue's License, 5 Pa. Superior Ct. 1; Moyer's Appeal, 8 Pa. Superior Ct. 475; Campbell's License, 8 Pa. Superior Ct. 524; Meenan's License, 11 Pa. Superior Ct. 575; Weaver's License, 20 Pa. Superior Ct. 95; Dolan's Appeal, 108 Pa. 564. While the provision of the statute requiring the revocation of a license, when the requisite facts have been ascertained, is mandatory, the court of quarter sessions exercises a judicial discretion in the ascertainment of the facts. That discretion must be exercised in a lawful manner; the petitioners who have instituted the proceeding to revoke the license have a right to be heard and produce evidence and so has the respond-

ent whose license it is proposed to strike down : Gross's License, 161 Pa. 344 ; Gemas's License, 169 Pa. 43 ; Thomas's License, 169 Pa. 111.

The record shows that the answer of the appellant specifically denied the averments of the petition, the court was therefore not warranted in taking the facts as admitted ; under the petition and answer, the case required the production of evidence, and in order that evidence might properly be produced there was a necessity for a hearing of which the respondent should have notice. The record shows that there was no hearing in this case, and that the court never fixed a time for a hearing upon the merits. The opinion of the learned judge of the court below which in strictness is not a part of the record, clearly shows that the appellant never had a hearing or opportunity to be heard, as to the facts, in this proceeding. That opinion clearly shows that the learned judge in making the order to revoke the license of the appellant acted entirely upon evidence which he had heard in a criminal charge against the defendant, for violating the liquor law, in which the verdict was not guilty. The appellant had no notice that the proceeding to revoke his license was being heard at that time, and it is manifest that there cannot be a legal hearing where the party does not know and has no opportunity to know that his case is being heard. The opinion of the court, therefore, is in harmony with the record proper, which shows that the appellant never had a hearing upon the proceeding to revoke his license. The first and second specifications of error are sustained.

The order of the court overruling the motion to dismiss the petition was properly made. The act of 1887 does not limit the number of those who may institute a proceeding to revoke a license to residents of the ward in which the licensed place is situated. The language of the petition, as to the sales to minors and persons of known intemperate habits, is not definite as to the time, but in proceedings of this character the same exactness is not requisite as in the case of an indictment. The petition does state that the sales were made by the appellant, " the holder of said license ; " this manifestly refers to the license granted February 16, 1906. The appellant was the holder of a license, within the meaning of the statute from the date of the order of the court awarding the same : Umholtz's License,

324, (1906).]                Opinion of the Court.

191 Pa. 177.   If after the license was thus granted, the appellant being the holder thereof, violated the law as alleged in the petition, he came within the provisions of the seventh section of the Act of May 13, 1887, P. L. 108.   We cannot assume in advance that the court at the hearing will permit evidence as to occurrences prior to the granting of the license.   The fourth specification of error is dismissed.

The order is reversed and the record remitted with a procedendo.