## DeHaven's License.

*Liquor law—Wholesale license—Discretion of court—Record—Review.*

The Superior Court will not reverse an order of the quarter sessions refusing a wholesale liquor license where there is nothing in the proceedings brought up by the certiorari showing an abuse of discretion of the court below, if the proceedings themselves are regular in every respect.

Argued May 16, 1906. Appeal, No. 154, April T., 1906, by Robert L. DeHaven, from order of Q. S. Butler County, Feb. Term, 1906, No. 32, refusing a wholesale liquor license In re Application of Robert L. DeHaven. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for wholesale liquor license. Before GALBREATH, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Joseph B. Bredin*, with him *F. X. Kohler*, for appellant.

*John R. Henninger*, for appellee.

PER CURIAM, June 30, 1906:

The single assignment of error is: " The court erred in refusing the application of R. L. DeHaven for a wholesale li-

cense." But in the appellant's statement of the question involved the first is: "Whether in a borough having a wholesale liquor trade of between three to four thousand dollars per annum, the refusal of all wholesale license on the only grounds of not necessary, is a judicial discretion or an arbitrary one." This is a broader question than that raised by the assignment of error, and even though it were to be conceded that under the facts above stated the court ought to have granted one or more applications, it would not follow from an affirmative answer to the question that the court erred in not granting the appellant's application. But apart from this consideration, the facts recited in the statement of the question are not before us, therefore the question as stated is not before us. " An appeal from an order refusing a liquor license brings up nothing for review, which would not have been brought up by certiorari prior to the Act of May 9, 1889, P. L. 158. It does not bring up the evidence nor the rulings of the court upon questions of evidence. There is no mode provided by law for bringing them upon the record. The discretionary power to grant or refuse liquor license applications is vested exclusively in the court of quarter sessions. When the legislature deems it wise, if it ever shall, to invest the appellate court with power to review such proceedings upon their merits, they will undoubtedly provide a mode whereby the evidence and rulings made on the hearing may be brought upon the record. Until such mode is provided our investigation upon appeal must necessarily be confined to the record : " Weaver's License, 20 Pa. Superior Ct. 95.

We are referred to Gemas's License, 169 Pa. 43, and other cases which hold that where the only ground for refusal of the license is not a valid one under the statute, and there is no other ground for refusing it, there is error. There is no dispute as to this proposition, but it is equally well settled, that if the court does not set forth its reason, it will be presumed on appeal that the license was refused for a legal reason and not arbitrarily; also, that if the court sets forth a legal reason, the presumption that its order was judicial and not arbitrary cannot be rebutted by an argument from evidence that the court ought to have reached a different conclusion. As already suggested, this must necessarily be so in the absence of any

mode whereby the evidence, and the judge's knowledge of relevant facts, can be brought upon the record. No permissible view we may take of the proceedings brought up by the certiorari would justify us in holding the order to be an abuse of discretion. This being so, and the proceedings being regular in every respect, the order is affirmed.