# Nolan's License.

*Liquor laws—Refusal of retail license—General remonstrance—Discretion of court.*

An order refusing a retail liquor license will not be reversed because a general remonstrance against all liquor licenses was filed, where it does not appear that such remonstrance was filed with the sanction of the court or that the court considered it, and the order shows that the refusal of the license was made after a full hearing of all parties both petitioners and remonstrants after due and careful consideration of the case "taking into consideration the number and character of both the petitioners for and the remonstrants against."

Argued May 10, 1911. Appeal, No. 8, March T., 1911, by R. K. Nolan, from order of Q. S. Mifflin Co., Feb. T., 1911, refusing liquor license. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for a retail liquor license. Before WOODS, P. J. The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1) in considering the general remonstrances and (2) the order of the court quoted in the opinion of the Superior Court.

*L. J. Durbin*, with him *A. Reed Hayes*, for appellant.

*W. W. Uttley*, with him *T. M. Uttley*, for appellee.

PER CURIAM, July 13, 1911:

Three remonstrances were filed in the office of the clerk of the court of quarter sessions. Two of these were signed by residents of the ward and set forth that the license prayed for by this applicant was not necessary for the accommodation of the public and the entertainment of strangers or travelers, and that the place for which said license was asked was not necessary as a licensed

place. The other, purporting to be signed by residents of the county at large, protested and remonstrated against the granting of any liquor licenses in the county, without specifying by name or otherwise any particular application.

It is complained, in the first assignment, that the court erred in considering this general remonstrance, and we are referred to the opinion of the court, filed more than a fortnight after the final order was made, as evidence of the fact. We need not take up time in discussing in this case the question whether an opinion thus filed may be looked into for the purpose of ascertaining the grounds of an order previously made, for we think the opinion does not clearly warrant the inference which counsel seek to draw. At the outset the court says: "The reasons of the court for the refusal of the several licenses are embodied in the decree as indorsed on each application, and the court being satisfied from the petitioners and remonstrance that the necessity for a license had not been established refused the license." In a later portion of the opinion the court expressly calls attention to sec. 7 of the Act of May 13, 1887, P. L. 108, as indicating that the petitions and remonstrances must come from residents of the particular ward, borough, or township, and the context does not show that the court did not deem itself bound by the provisions of that section in the consideration of remonstrances. Counsel refer also to the notes of testimony taken at the hearing. Although filed and printed in the appellant's paper-book, these are not part of the record. It ought not to be necessary to say that a certiorari in such a case does not bring up the evidence. Moreover, the notes do not sustain, but tend to negative the contention of counsel, for it appears by them that, when the question was raised, the court said: "All specific remonstrances against each individual application marked filed," thus inferentially excluding the general remonstrance. It is to be observed further, that it does not elsewhere appear in the record that the general remon-

strance was filed with the sanction of the court. Nor is the contention of counsel consistent with the final order, which reads: "And now, February 27, 1911, after a full hearing both on the part of the petitioners for and the remonstrants against the granting of a license to the within applicant, and after due and careful consideration of the case, taking into consideration the number and character of both the petitioners for and remonstrants against, the within license is refused." The plain meaning of this language is that the petitions and remonstrances which the court considered were those for and against the granting of this particular application. It is further contended that it is evident from the opinion of the court that in reaching its conclusion the court considered standards other than those fixed by law for the determination of the question before it, namely, "the will of the people" and "what will bring about the best results for the people generally." While some general views are expressed in the opinion, which, in the absence of qualification or explanation, would be open to criticism, it does not satisfactorily appear that, in reaching its conclusion in the present case, the court was influenced by matters outside the rule laid down in the act of assembly. On the contrary, the court concedes that "in bringing about the best results for the people generally" it must be "guided by certain rules and regulations as we find them in the law regulating the conduct and actions of the people, and as laid down by the appellate courts." It is but a mere truism to say that courts must be guided by the will of the people, when this will has been expressed in the laws which the judges have sworn to administer. We cannot safely infer, from this opinion, that the judges conceived that public sentiment, and not the law, was to control them in the exercise of the discretion vested in them. As there was a judicial hearing, at which the petitioner had an opportunity to be heard by petition, evidence and counsel, and as it appears that the reason for the refusal of the license was a legal reason, and it does

not satisfactorily appear that the court's conclusion was reached by a consideration of matters which it had no right to consider, or by a refusal to consider matters which it was its duty to consider, we are not at liberty to conclude that there was an abuse of discretion, and, therefore, the order must be affirmed. It is not our province to discuss or determine the correctness of the result reached; as has been declared repeatedly, it is the discretion of the court of quarter sessions, not ours, that the law requires.

What we have said in this case applies also to Murtiff's License, the succeeding case.

The order is affirmed and the appeal dismissed at the costs of the appellant.