# Kauffman's License.

*Liquor law—Revocation of wholesale license—Record—Review.*
An order revoking a wholesale liquor license will not be reversed on appeal, where the record shows that the appellant was accorded a regular hearing with the attendance of witnesses and the arguments of counsel, and that the court below in its opinion stated as its reason for revoking the license, that the appellant had sold and delivered liquors in large quantities in excess of what a single purchaser or his family could immediately use; that he had peddled liquor in a nearby borough; and that he was not a fit person to be entrusted with a wholesale liquor license.

In such a case the appellate court cannot consider the evidence.

Argued Dec. 4, 1916.    Appeal, No. 37, March T., 1917, by J. S. Kauffman, from order of Q. S. Columbia Co., Feb. T., 1916, No. 40, revoking a wholesale liquor license. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Petition of Warren S. Sharpless, District Attorney, to revoke wholesale liquor license of J. S. Kauffman.    Before EVANS, P. J., and HAUCK, A. J.

The opinion of the Superior Court states the case.

*Error assigned* was order revoking the license.

*R. S. Hemingway,* with him *Fred Ikeler,* for appellant. —If the court sets forth in its final order, or in an opinion filed in connection with or accompanying such order, the reasons which move it to make the order, these, then, become part of the record and will be considered by the appellate court on certiorari.    If the reasons thus set forth by the court below are not such as the law recognizes as legal, its action will be set aside as being an abuse of discretion: Gema's License, 169 Pa. 43; Venango County Liquor License, 58 Pa. Superior Ct. 277; Chilcott's License, 61 Pa. Superior Ct. 552.

*W. S. Sharpless,* District Attorney, for appellee, cited: Carlson's License, 127 Pa. 330; Dolan's App., 108 Pa. 564; Indian Brewing Co.'s License, 58 Pa. Superior Ct. 183.

OPINION BY HENDERSON, J., March 9, 1917:

This is an appeal from the judgment of the Court of Quarter Sessions revoking a license to sell liquor at wholesale. The order of the court is in the following words: "And now, October 12, 1916, Rule absolute and the license is revoked." It is not only a legal presumption but an admitted fact that the appellant was accorded a regular hearing on the rule to revoke and that through the evidence of witnesses and the arguments of counsel his case was fully presented to the court. The proceeding followed the practice prevailing under the statute and no defect or irregularity is pointed out in the record. Strictly speaking the questions cognizable by this court in a proceeding of this character are to be determined by the record brought up in connection with the presumption which is applied to the judgments of courts of record and neither the testimony nor the opinion of the court below forms part of the record: Dolan's App., 108 Pa. 564; Carlson's License, 127 Pa. 330; Nolan's License, 47 Pa. Superior Ct. 551. Later cases have held that the opinion of the Court of Quarter Sessions setting forth with its order the reasons which led to the judgment is a part of the record and on appeal will be considered for the purpose of determining whether the action taken was based on legal grounds: Mead's License, 161 Pa. 375; Venango County Liquor License, 58 Pa. Superior Ct. 277, and inasmuch as the judges of the Court of Quarter Sessions filed an opinion giving reasons for the order appealed from the learned counsel for the appellant base their argument on the alleged insufficiency of the reasons so given. These reasons were (a) that the appellant distributed beer, wine and whiskey in the Borough of West Berwick in the Township of Brier Creek in quantities to

605, (1917).]          Opinion of the Court.

private customers in excess of what said customers could possibly use for themselves and families, thereby promoting and encouraging speakeasies; (b) that he had on numerous occasions peddled beer, wine and whiskey in the Borough of West Berwick in the Township of Brier Creek; (c) that he is not a fit person to be entrusted with a wholesale liquor license. The argument presented necessarily leads to a discussion of the evidence for it cannot be successfully contended that the court might not revoke the license if the conduct or habits of the appellant were such as to render him an unfit person to be entrusted with a license to sell liquor at wholesale nor is it contended that his license authorized him to peddle liquors in the county and to make sales from his wagons to purchasers in boroughs and townships. The evidence supporting the charges and which we must assume was the consideration which moved the court to the revocation of the license is not before us. The only question which we can consider is whether on such a state of facts the court exercised a judicial discretion. The licensee was authorized to make sales of his merchandise at his place of business in the Borough of Bloomsburg and nowhere else and he must possess the fitness required by the statute. If he undertake to exercise his license in another place than that named in his petition or if he be lacking in the personal qualifications prescribed the court was clearly within its authority in entering the order revoking the license. We find no error in the record presented.

The order of the Court of Quarter Sessions is affirmed.