## Reinhardt's License

*C. William Kraft, Jr.*, for Commonwealth, petitioner.
*John V. Diggins*, contra.

FRONEFIELD, P. J., June 14, 1935.—This proceeding arises from a petition of the district attorney to revoke a restaurant liquor license granted to Joseph F. Reinhardt, trading as Log Cabin Grill, for the premises at 421 Church Lane in the Borough of Yeadon, in this county.

Joseph F. Reinhardt, trading as Log Cabin Grill, was granted a restaurant liquor license by the Liquor Con-

trol Board for the year 1934 for the premises at 421 Church Lane in the Borough of Yeadon in this county; in October 1934, the board sent to Reinhardt forms for application for license for the year 1935; on October 1, 1934, Reinhardt signed his application for the year 1935 for the license and sent it to the board; the board on October 24, 1934, approved the application for the license; on December 4, 1934, a warrant was sworn out against Reinhardt for the violation of the liquor law at the said place of business and on the same day he was arrested; on December 5, 1934, Reinhardt was indicted on several counts; the officers on December 7, 1934, or two or three days thereafter, reported the violation and arrest to said board; on December 14, 1934, the license for 1935 was delivered to the licensee; on January 14, 1934, Reinhardt, to no. 378 December sessions, 1934, entered his plea of guilty to keeping liquor unlawfully acquired and keeping liquor without an official seal; on the same day he was sentenced to pay $300 fine and in default thereof to serve six months in county jail; on March 11, 1935, all the members of the Liquor Control Board signed a letter to the district attorney which was offered in evidence, and admitted after the statement of the attorney for Reinhardt that he agreed that the members of the board would testify to those things, contained in the letter, but objected to its admissibility as being irrelevant and immaterial, which letter reads: "In reply to your letter of February 28th regarding the issuance of a license to Joseph F. Reinhardt, the board, as a matter of general policy, would never issue a license to a person who has been convicted of violation of the liquor laws during the past year. Of course, therefore, a license would never have been issued to Joseph F. Reinhardt had we been in possession of all the facts."

Subject to its materiality, the assistant district attorney agreed that Reinhardt, if called as a witness, would say that after he received his license for the year 1935

he expended nearly $500 in repairs and improvements in the place.

The question to be determined is whether or not a license for 1935 will be revoked for a violation of the liquor law during the licensed year of 1934 after the licensee's truthful application for the license for the year 1935 was filed.

In section 410 of the Liquor Control Act of November 29, 1933, P. L. 15, it is provided: "After a license has been issued to a . . . restaurant . . . under this act, the Attorney General, the district attorney, or fifteen or more taxpayers, residents of the municipality where the . . . restaurant . . . is located, may petition the court of quarter sessions of the proper county for the revocation of such license. If, after notice and hearing, it shall appear to the court that the licensee has violated any law of this Commonwealth or regulation of the board relating to liquor, malt liquor, or alcohol, the court may suspend or revoke the license."

It was decided in Revocation of Wolf's License, 115 Pa. Superior Ct. 514, that the license for this year may be revoked for untruthful answers to the questions in the application, by which the license was fraudulently procured. The licensee for this year is not charged with violating the liquor laws under the present license or for procuring it through fraud. The statements he made in the application are true; his application was approved October 24, 1934; the applicant violated the law on December 4, 1934; he was indicted on December 5, 1934; the board had notice of his indictment on or about December 7th, and on December 14, 1934, the license was delivered to the licensee, and was not recalled, though not operative until January 1, 1935. It is argued that if the license cannot be revoked, a licensee may violate the laws with impunity after he has signed his application until January 1st. If this be true, it is the fault of the act or the time the license is delivered.

The Act of May 13, 1887, P. L. 108, sec. 7, provides

that after a license is granted "upon sufficient cause being shown or proof being made to the said court that the party holding a license has violated any law of this Commonwealth relating to the sale of liquors, the court of quarter sessions shall, upon notice being given to the person so licensed, revoke the said license."

The act under which the present licensee obtained his license provides: "If, after notice and hearing, it shall appear to the court that the licensee has violated any law of this Commonwealth or regulation of the board relating to liquor, malt liquor, or alcohol, the court may suspend or revoke the license."

The language in the Act of 1933 is similar to that of 1887 and therefore the presumption is that it is intended to be interpreted the same way: Buhl's Estate, 300 Pa. 29; Merrick v. DuPont et al., 285 Pa. 368; Bell et al. v. Bell, 287 Pa. 269.

In Kocher's License, 12 Dist. R. 513, Judge Scott said that the license granted under the Act of 1887 "can be revoked only during its term for statutory causes arising or existing 'while holding the license'", even though the "most important and controlling evidence was confined to conditions in the year before": Black Horse Hotel License, 10 Del. Co. 456.

In McGinley's License, 32 Pa. Superior Ct. 324, Judge Porter said: "If after the license was thus granted, the appellant being the holder thereof, violated the law as alleged in the petition, he came within the provisions of the seventh section of the Act of May 13, 1887, P. L. 108. We cannot assume in advance that the court at the hearing will permit evidence as to occurrences prior to the granting of the license."

We are of opinion that the act means that the license may be revoked if the licensee has violated any law of the Commonwealth, etc., relating to liquor, during the license year of the license which is sought to be revoked.

And now June 14, 1935, the prayer of the petitioner to suspend or revoke the said license is refused.