## Walter Campbell's License.　Appeal of Law and Order Society.

*Liquor law—Imperative duty to revoke license.*

Upon cause shown or proof made of violation of the Act of May 13, 1887, P. L. 108, the duty of the license court to revoke a license is imperative.

*Practice, Q. S.—Conviction of offense not a condition precedent to revocation of license.*

When the petition alleges jurisdictional facts it has no discretionary power to refuse to hear the case; it is not necessary to aver in the petition that the licensee has been convicted of the offense charged.

Argued October 17, 1898.　Appeal, No. 92, Oct. T., 1898, by Law and Order Society et al., from order of Q. S. Phila. Co., discharging rule to show cause why retail liquor license should not be revoked.　Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.　Appeal dismissed.

Rule to show cause why retail liquor license should not be revoked.　Before GORDON, J.

It appears from the record that a rule to show cause why a license should not be revoked was entered April 30, 1898, the reasons assigned being that Walter Campbell had violated the laws of this commonwealth relating to the sale of liquors, furnishing by sale or gift, liquors to persons visibly affected by intoxicating drink and to minors; permitting the customary visitation of disreputable persons and conducting a disorderly place.　Eo die.　Rule refused, GORDON, J., filing the following opinion:

In the matter of the petition for rule to show cause why the license of Walter Campbell to sell intoxicating liquors at retail should not be revoked:

The allegations of the petition are such as in times past have been considered by a large majority, if not all of the judges of the court of quarter sessions adequate for founding a rule to show cause why licenses for the sale of intoxicating liquors should not be revoked.　Scores, hundreds, indeed, of such rules have been granted upon precisely similar allegations, and upon proof of their truth, licenses have been revoked.　As a result a

steady advance has been made in the promotion of good order, temperance and the subjection of the liquor traffic to lawful regulation.

My own judgment of the powers of the quarter sessions court in such matters would induce me to follow the practice referred to and grant the rule prayed for in the present case. The supervisory power given to this court, to revoke licenses upon cause shown, is one of the most salutary restraints and restrictions of the laws governing the sale of intoxicants, and is almost a necessity for the preservation of the best features of the high license law.

In view, however, of the recent ruling of two of the judges of this court, sitting for the purpose of hearing applications for licenses, it is evident that a very radical departure in the practice with reference to the granting of rules to revoke has been inaugurated. On the 29th of March, 1898, at the hearing before my learned colleagues—Judges BIDDLE and ARNOLD—a large number of applications for rules to revoke licenses, containing similar if not identical averments with those embraced in the petition now before me, were refused, and the rules denied. That court had previously announced that where the averments of a remonstrance embodied charges of violations of the liquor law, for which the offender was liable to indictment, the remonstrance would not be heard until a trial and verdict upon the charges had been had in criminal court. In the course of their ruling the judges referred to said as follows:

" Where an offense is alleged to have been committed for which no specific mode of procedure and punishment is prescribed by law, application may be made to revoke the license upon sufficient cause shown."

This ruling by the learned judges referred to thus excludes accusations of criminal violation of the liquor law as a ground for rules to revoke license, unless a conviction of the offender has been first obtained.

While I do not concur in the view of the powers of the court thus declared by my learned brethren, or subscribe to the wisdom of the rule of practice instituted by them, nevertheless, it is desirable that uniformity both of interpretation and practice on this subject, should, if possible, be secured. This is necessary as well for the guidance of the friends of the

policy of the restrictive statutes governing the sale of liquors as, also, for the orderly and dignified administration of the law. Conflicting rulings on this subject cannot be productive of any good to the administration of justice, and must involve the important legislation relating to the restriction of the liquor traffic in confusion and uncertainty—and be injurious to the public cause such legislation was intended to promote.

In order, therefore, that there may be secured a conclusive ruling upon the important propositions raised by the petition in this case, I shall conform to the practice and decision of judges BIDDLE and ARNOLD, and refuse the present rule. Rule refused.

The Law and Order Society appealed.

*Error. assigned* among others was (2) refusing rule to show cause on the ground set forth in the opinion.

*George S. Graham* and *Lewis D. Vail*, with them *Arthur M. Burton*, for appellants.—We consider this the most important question in regard to liquor laws which this court has yet had to consider. The former practice enabled the court to stop the evil at once upon satisfactory proof being exhibited of the violation of the law: Hastings's License, 15 Phila. 420.

We think the two learned judges erred in mistaking the nature of a liquor license. It is merely a permit to do that which it is illegal to do without: Youngblood v. Sexton, 32 Mich. 406; State v. Hipp, 38 Ohio, 206.

The whole subject is ably discussed in Ison v. Griffin, 98 Ga. 523. See also Com. v. Cavanaugh, 18 Phila. 484; Com. v. Foedisch, 16 Phila. 473.

The court must revoke the license upon cause shown: Bosch's License, 5 Pa. C. C. Rep. 315.

The provision is mandatory: Carlson's License, 127 Pa. 330. See also Garey's License, 1 Dist. Rep. 616; Com. v. Donoghue, 1 Dist. Rep. 32, affirmed in 149 Pa. 104; Genova's License, 3 Dist. Rep. 722; Gartenstein's License, 4 Dist. Rep. 37; Simmon's License, 4 Dist. Rep. 35.

No paper-book or appearance for appellee.

PER CURIAM, November 14, 1898.

The seventh section of the Act of May 13, 1887, P. L. 108, provides "that upon sufficient cause being shown, or proof being made to the said court, that the party holding a license has violated any law of this commonwealth relating to the sale of liquors, the court of quarter sessions shall, upon notice being given to the person so licensed, revoke the said license." This provision is mandatory; that is to say, when a petition alleging all the essential jurisdictional facts, and duly verified, is presented to the court it has no discretionary power to refuse to hear the case. The statute does not make the conviction of the licensee a condition precedent to the exercise of the power conferred upon the court; therefore it is not necessary to aver it in the petition. It follows that it was error to refuse to grant the rule prayed for. It appears, however, by the record, that, before this appeal came on to be heard, or could, by any possibility, have been brought to a hearing, the license expired by its own limitation. In view of this fact it would be a vain thing to reinstate the rule. We have briefly but sufficiently stated our conclusions upon the question raised by the assignments of error, but for the reason last stated the appeal is dismissed.