## Commonwealth v. Terry.

*Liquor law—Sale of liquor to minors—Acts of May* 13, 1887, *P. L.* 108 *and May* 25, 1897, *P. L.* 93.

The acts of May 25, 1897 " relating to the prosecution of licensed dealers and their employees on the charge of furnishing intoxicating liquors to minors and prescribing the penalty therefor " does not repeal the 17th section of the Act of May 13, 1887. On the contrary it is a distinct recognition of the offense prescribed in that section.

Where a liquor dealer indicted for selling liquor to minors chooses to avail himself of the provision of the Act of May 25, 1897, and " offers by way of defense evidence of the circumstances under which the liquor was furnished," he assumes with the privilege conferred by the act the burden imposed by the proviso of the Act that " the burden of proof shall rest upon the defendant to show that the intoxicating liquor was not furnished to a minor either knowingly or negligently." This casts upon the defendant no burden except what he voluntarily assumes.

If a liquor dealer furnishes liquor to persons whose appearance indicates that they are minors, without inquiring as to their ages, he is guilty of neglience under the act. It is for the jury however to determine whether the appearance of such persons indicated their minority.

Argued Nov. 12, 1900. Appeal, No. 8, Feb. T., 1901, by defendant, from judgment of Q. S. Sullivan Co., Sept. T., 1900; No. 15, on verdict of guilty in case of Commonwealth v. Charles A. Terry. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for selling liquor to minors.

From the record it appeared that defendant was a licensed liquor dealer at Forksville, Pa. The indictment charged him with selling liquor to six minors on July 4, 1900. The defendant as a matter of defense undertook to show the circumstances under which the liquor was sold.

Defendant presented these points ;

1. The defendant, under the evidence, being a licensed vendor of liquors at the time of the alleged sales, before the jury would be justified in finding the defendant guilty, they must be satisfied beyond a reasonable doubt that the defendant furnished the intoxicating liquors to these minors either knowingly or negligently, and if they do not so find, their verdict should be for the defendant. *Answer*: That, gentlemen, we do not affirm. We say to you, however, that you should be satisfied beyond a reasonable doubt that he furnished liquor to these minors. If you find that he did furnish either spirituous, vinous, malt or brewed liquors to these minors, then you should find him guilty, unless he satisfies you by the weight of evidence that he did not do it knowingly or negligently. [1]

2. In criminal cases the burden of proof never shifts from the commonwealth. It must establish every ingredient necessary to make out and complete the offense so as to satisfy the jury beyond a reasonable doubt, before they would be justified in finding the defendant guilty. *Answer :* That, gentlemen, we affirm. In other words, you must find beyond a reasonable doubt that this defendant has furnished to these persons who have gone upon the stand, or some one of them, vinous, spirituous, malt or brewed liquors, and that at the time it was furnished them, that they were not of age. If the defendant wants to justify or excuse himself for so doing, he must satisfy you by the weight of the evidence, because it is so provided in the statute, that he did not do it knowingly or negligently. [2]

The court charged in point as follows:

[If you find that he has furnished to these boys, and he did not at the time ask them their age, or ascertain from them what their age was, and you find that there was anything in the appearance of these boys which would put upon guard any person who was furnishing them liquor, so that they ought to inquire as to their age, and the defendant did not do so, then he would be guilty of furnishing it to them knowingly and negligently; because, if there was anything whatever in the appearance of either one of these boys who have gone upon the stand that would indicate they were not of full age, and Mr. Terry has furnished them liquor and did not inquire their age, and he says he did not, the only question, then, would be whether

he did furnish it to them, and, if he did, you should find him guilty as he stands indicted in this case.] [3]

Verdict of guilty. Sentence, $300 fine and sixty days' imprisonment.

*Errors assigned* were (1–3) above instructions, quoting them.

*E. J. Mullen,* for appellant.—The Act of May 25, 1897, P. L. 93, is an act complete in itself, so far as the furnishing of liquors to minors by licensed vendors or their employees are concerned. While it does not by express terms repeal the Act of May 13, 1887, P. L. 108, section 17, yet, by necessary implication, so much of said section as is inconsistent with the act of 1897 is repealed. The act of 1897 defines the offense and provides a penalty for same. Both the offense and the penalty are different from that of the act of 1887.

A subsequent statute revising the whole subject-matter of a former statute, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former: In re Emsworth Borough Incorporation, 5 Pa. Superior Ct. 29 ; Commonwealth v. Baumler, 20 Pa. C. C. R. 273.

No paper-book or appearance for appellee.

OPINION BY BEAVER, J., January 22, 1901:

Although the specifications of error in this case are somewhat numerous, practically a single question is involved, namely, does the Act of May 25, 1897, P. L. 93, " relating to the prosecutions of licensed dealers and their employees on the charge of furnishing intoxicating liquors to minors and prescribing the penalty therefor " impose a burden upon a defendant which he is not bound to assume ? Prior to the passage of this act a defendant indicted for furnishing liquor to minors was not permitted to show that the act was not done negligently or wilfully. It was ordinarily enough for the commonwealth to show that the liquor had been furnished and that the person to whom it was furnished was a minor, to establish the guilt of the defendant. The act of 1897, above referred to, recognizing the statutory offense as already existing, provided in the interest

of a defendant, that he "shall be permitted to offer by way of defense evidence of the circumstances under which the liquor was furnished; and, if it appear that it was furnished know-ingly or negligently, the defendant shall be deemed guilty of a misdemeanor." This proviso was added: "That the burden of proof shall rest upon the defendant to show that the intoxicat-ing liquor was not furnished to a minor either knowingly or negligently." This act is in itself a distinct recognition of the offense prescribed in the 17th section of the Act of May 13, 1887, P. L. 108, known as the Brooks law. The later act does not change the offense nor add thereto any necessary ingredi-ents. The offense would be complete, if a furnishing by sale, gift or otherwise were shown by a licensed vendor or one with-out a license to a minor, without more. If, however, the de-fendant chooses to give in evidence the circumstances under which the liquor was furnished and in doing so it should ap-pear affirmatively that it was negligently or knowingly fur-nished, although the minimum penalty prescribed in the act of 1887 is taken away, the maximum penalty remains precisely the same. The latter act is not, therefore, in any sense a repeal of the former. It is based upon it. It is doubtful whether the proviso to the act imposes any burden upon the defendant which he is not bound to assume under its other provisions. It simply makes clear what was evidently in the mind of the legislature, namely, that the defendant should be permitted to show as a defense that he did not negligently or knowingly furnish liquor to a minor. The act does not import any new elements into the offense itself. It simply says to the defendant, you may give the circumstances surrounding the transaction in evidence, but in doing so you assume the risk of making it appear affirm-atively that the act was negligently and knowingly done, and the burden of proving that it was not so done is upon you. This was clearly in the interest of the defendant. He is not bound in any way to assume the risk which is involved in this defense; but, if he chooses to do so, he must, of course, assume, with the privilege conferred by the act, the obligation which it imposes. This involves no change of the general rule that it is incumbent upon the commonwealth to show the guilt of the defendant beyond a reasonable doubt. It casts no burden upon the defendant, except what he voluntarily assumes. It follows

that the court could not have answered the defendant's points otherwise than it did.

We see no error in the portion of the charge complained of in the third specification. If the appearance of the boys, as they are called, of itself indicated that they were minors, and this was left to the jury to determine, the sale, without inquiry on the part of the defendant as to age was, of course, a negligent sale. It could not be otherwise. The jury was to determine, however, whether their appearance indicated their minority. The case was in the main fairly tried and the defendant, as the record shows, was properly convicted.

Judgment affirmed and record remitted to the court below to the end that the sentence of the court be fully carried into effect.