## Arnold's License.

*Liquor laws—Res adjudicata—Revocation of license.*

The principle of res adjudicata cannot be set up against a rule to revoke a liquor license where it appears that the rule in the previous proceeding had been discharged by consent, and that the parties procuring the two rules had been different persons.

The refusal of the Supreme Court to grant a mandamus to compel the court of quarter sessions to grant a rule to revoke a liquor license, is not an adjudication on the merits of the case, but is based on the ground that the remedy of the petitioner for the rule is by an appeal to the Superior Court.

Where the petitioners for a rule to revoke a liquor license show that the licensee sold liquors in three different buildings, one of which was not connected with the licensed premises, it is the duty of the court to grant the rule, and a refusal to do so is reversible error.

Argued Dec. 13, 1905.   Appeal, No. 19, March T., 1906, by W. O. Rishel, from order of Q. S. Cumberland Co., refusing rule to revoke a liquor license In re License of M. L. Arnold. Before RICE, P. J., BEAVER, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Petition for rule to revoke a liquor license.   Before SADLER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was refusal to grant the rule.

*E. M. Biddle, Jr.*, with him *Frank B. Sellers, Jr.*, for appellant.—The court of quarter sessions must grant the rule: Campbell's License, 8 Pa. Superior Ct. 524 ; Com. v. Francis, 9 Pa. Dist. Rep. 744 ; Com. v. Brewing Co., 1 Pa. Superior Ct. 627 ; Washington County Licenses, 11 Pa. Dist. Rep. 339 ;

Revocation of Licenses, 11 Pa. Superior Ct. 579; Com. v. Holstine, 132 Pa. 357; Com. v. Munk, 1 Pa. Superior Ct. 479.

The court has no discretion in the matter, but must revoke the license: Bosch's License, 5 Pa. C. C. Rep. 315; Carlson's License, 127 Pa. 330; Campbell's License, 8 Pa. Superior Ct. 524; Garey's License, 1 Pa. Dist. Rep. 616; Genova's License, 3 Pa. Dist. Rep. 722.

*Caleb S. Brinton*, with him *Arthur R. Rupley*, for appellee.— A second rule after the first one has been discharged will not be granted by the judge unless there appear satisfactory reasons for its allowance and explanation why the first rule was discharged: Mitchell v. Pierce, 1 W. N. C. 156; Brown v. O'Brien, 3 Clark, 93.

OPINION BY MORRISON, J., January 13, 1906:

This is an appeal of W. O. Rishel and others from the decree of the court of quarter sessions of Cumberland county refusing to grant a rule on M. L. Arnold to show cause why his license should not be revoked.

The petition set forth quite strong reasons, at least sufficient to require the granting of a rule, and an investigation of the question of whether or not the licensee had violated the law by selling intoxicating liquors under a license granted to him by said court, at two places other than the house for which the license was granted.

We are met at the threshold of the case with the contention that a rule had been obtained previously for the same purpose and that it had been discharged after hearing and, therefore, the present petition is controlled by the doctrine of res adjudicata. With regard to this contention it seems sufficient to say that there was no adjudication of the questions raised, the rule having been discharged by consent of all the parties who obtained it. And the parties to this proceeding are not the persons who procured the former rule.

In addition, it is urged that the appellants, on the refusal of the court to grant them a rule, on August 21, 1905, presented their petition to the Supreme Court of Pennsylvania for a mandamus compelling the court to grant the rule prayed for. This petition was filed in the Supreme Court, September 16,

1905, and that court made the following order: "September 19, 1905. Mandamus refused and petition dismissed." If it appeared that this order was made on the merits of the case, it would lead to an affirmance of the case in the court below and a dismissal of the petition. But it is, doubtless, not on the merits. Section 7, Act of May 5, 1899, P. L. 248, as to the jurisdiction of the Superior Court of Pennsylvania, reads: " The said court shall have no original jurisdiction,. . . . but it shall have exclusive and final appellate jurisdiction of all appeals which are now allowed to the Supreme Court in the following classes of cases: (a) All proceedings of any kind in the court of quarter sessions of the peace or before any judge thereof, except cases involving the right to a public office, in which cases the remedy by appeal to the Supreme Court shall not be affected by this act."

In our opinion, the Supreme Court refused the mandamus because the petitioner's remedy was by appeal to this court, and, therefore, we are at liberty to consider the petition on its merits.

The learned court below seems to have been controlled, to some extent, by the hardship it would be to revoke the appellee's license. But this is not of importance. The question is had the licensee violated the law? The petition seems to properly aver that he had sold intoxicating liquors in three different buildings, one of these, admittedly not on or connected with the licensed premises. The petitioners averred that another of the buildings was a temporary structure erected long after the license was granted. The court, in the opinion filed, assumes that this building was on the premises where the license was granted, but that is not admitted by the petitioners, and the averment would seem to prima facie justify the granting of a rule, without which the petitioners were deprived of the privilege of offering their testimony.

"The 7th section of the Act of May 13, 1887, P. L. 108, provides : 'that upon sufficient cause being shown or proof being made to the said court, that the party holding a license has violated any law of this commonwealth relating to the sale of liquors, the court of quarter sessions shall, upon notice being given to the person so licensed, revoke the said license.' This provision is mandatory ; that is to say, where a petition alleg-

ing all the essential jurisdictional facts, and duly verified, is presented to the court, it has no discretionary power to refuse to hear the case:" Campbell's License, 8 Pa. Superior Ct. 524. That case is controlling upon the facts averred in the petition.

"Upon cause shown or proof made that a violation of the law has been committed by a holder of a license it becomes the duty of the court under the Act of June 9, 1891, P. L. 257, after notice given to the person so licensed, to revoke said license:" Commonwealth v. Brewing Co., 1 Pa. Superior Ct. 627; see also Revocation of Licenses, 11 Pa. Superior Ct. 579.

"To sustain a conviction for unlawfully selling intoxicating liquors, under the Act of May 13, 1887, P. L. 108, it is not necessary for the commonwealth to prove a criminal intent; if the sale be contrary to the act the intent is immaterial:" Commonwealth v. Holstine, 132 Pa. 357; see also Stewart v. Commonwealth, 117 Pa. 378.

It is mandatory upon the court to revoke a license upon sufficient cause being shown, or proof being made to the said court, that the party holding a license has violated any law of this commonwealth relating to the sale of liquors: In re Carlson's License, 127 Pa. 330.

A careful examination of the petition and the reasons given by the learned court for refusing a rule and dismissing the petition, convinces us that the court erred, and the assignments of error must be sustained.

The order of August 21, 1905, discharging the rule and dismissing the petition is reversed and the petition reinstated, with directions to the court to grant the rule prayed for, and hear and dispose of the matter in accordance with the law and facts.