## Johnston's License.

*Liquor law—Revocation of license—Selling to minors—Petition.*

The allegation in a petition for the revocation of a retail liquor license that the respondent "grossly violated the laws of the commonwealth by selling vinous, spirituous, malt and brewed liquors to the following girls, all minors," naming them, charges in sufficiently explicit and precise terms a violation of sec. 17 of the Act of May 13, 1887, P. L. 108, which makes it unlawful to furnish by sale, gift or otherwise any spirituous, vinous, malt or brewed liquors to a minor. This section was not repealed, nor was the burden of proving that the respondent knew, or was negligent in not ascertaining, that the persons to whom he sold

or furnished liquors were minors cast upon the petitioner of the Act of May 25, 1897, P. L. 93.

Argued Oct. 20, 1908. Appeal, No. 62, April T., 1909, by Edna Johnston, from order of Q. S. Allegheny Co., June T., 1908, No. 44, revoking liquor license In re Edna Johnston's License. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for revocation of retail liquor license.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court revoking license.

*Ernest E. Jones,* for appellant.

*L. S. Levin,* with him *W. B. Rodgers,* for appellee.

OPINION BY RICE, P. J., November 9, 1908:

It appears by the order from which this appeal was taken that after rule, answer and hearing in open court, the court adjudged that the appellant had violated the laws of the commonwealth in relation to the sale of intoxicating liquors, by negligently permitting the selling and furnishing of such liquors to minors as charged in the petition upon which the rule was granted. Reading this recital of the facts and proceedings in connection with the averments of the petition, which are made part of the recital by reference, it is apparent that the order was based upon proof and a finding of facts, which, if the proceeding was properly instituted, warranted, indeed required, the revocation of the license: Section 8, Act of May 13, 1887, P. L. 108; Carlson's License, 127 Pa. 330; Campbell's License, 8 Pa. Superior Ct. 524; Arnold's License, 30 Pa. Superior Ct. 93. This is not seriously questioned by the appellant's counsel. He contends for but one proposition, and that is, that sufficient jurisdictional facts were not set forth in the petition to warrant the court in hearing any testimony as to the sale of liquors to minors. This proposition cannot be sustained. The statute does not prescribe that the only mode

in which such proceeding can be instituted is by sworn petition specifying the facts upon which the revocation is asked. In Carlson's License, 127 Pa. 330, the court entered the rule to show cause of its own motion upon information obtained in the trial of a criminal case, and after notice to the licensee of the rule, and a hearing at which testimony for and against the rule was given, revoked the license. See also Dolan's Appeal, 108 Pa. 564. And where the application for the rule to show cause is based on an ex parte affidavit or petition, all that is required to give the court jurisdiction to grant the rule, and to proceed to a hearing after notice to the respondent, is that the act alleged to be a violation of law be specified in the petition or affidavit with reasonable certainty: Revocation of Licenses of Meenan et al., 11 Pa. Superior Ct. 579. The same exactness is not required as in indictments: McGinley's License, 32 Pa. Superior Ct. 324. The allegation of the petition in the present case, that the appellant "grossly violated the laws of the commonwealth . . . . by selling vinous, spirituous, malt and brewed liquors to the following girls, all minors," naming them, charged in sufficiently explicit and precise terms a violation of law relating to the sale of liquors, namely, sec. 17 of the act of 1887, which makes it unlawful to furnish by sale, gift or otherwise any spirituous, vinous, malt or brewed liquors to a minor. This section was not repealed, nor was the burden of proving that the respondent knew, or was negligent in not ascertaining, that the persons to whom he sold or furnished liquors were minors, cast upon the petitioner by the Act of May 25, 1897, P. L. 93: Commonwealth v. Terry, 15 Pa. Superior Ct. 608. It follows that it was not necessary to aver such knowledge or negligence in the petition.

The order is affirmed.