## Commonwealth *v.* Borek, Appellant.

Argued April 14, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert Grey Bushong,* for appellant.

*C. Wilson Austin,* Assistant District Attorney, with him *David Sharman, Jr.,* District Attorney, for appellee.

OPINION BY DITHRICH, J., July 17, 1947:

The sole question raised by this appeal from a conviction of violating the Liquor Control Act of November 29, 1933, P. L. 15, 47 PS 744, as amended, is whether or not the Act of May 25, 1897, P. L. 93, 47 PS 603, is still in force. The latter act permitted a licensed vendor upon the charge of furnishing liquor to a minor to offer evidence to show that it was not furnished knowingly or negligently.

The sale of intoxicating liquor was at that time regulated and controlled by the Brooks Law of May 13, 1887, P. L. 108. The Brooks Law prohibited the sale to minors and in a proceeding to revoke a license on the ground that the licensee sold liquors to minors, the Supreme Court held that the good faith of the licensee was no excuse or justification for such sale: *In re Carlson's License,* 127 Pa. 330, 18 A. 8.

Following that decision, the legislature enacted the Act of 1897. In *Commonwealth v. Terry,* 15 Pa. Superior Ct. 608, it was contended that the Act of 1897 repealed section 17 of the Brooks Law prohibiting the sale of liquor to minors, but the court held that the proviso in the Act of 1897 "That the burden of proof shall rest upon the defendant to show that the intoxicating liquor was not furnished to a minor either knowingly or negligently," was in itself a distinct recognition of the offense prescribed in the earlier act and that the two acts should be construed together. See also *Johnston's License,* 37 Pa. Superior Ct. 438.

There was no material change in the law as thus established until the enactment of the Act of March 27, 1923, P. L. 34, which absolutely prohibited the manufacture, sale, etc., of intoxicating liquor for beverage purposes in this commonwealth and which, as stated in section 1 of the Act, was ". . . an exercise of the power granted by Amendment XVIII of the Constitution of the United States, and of the police power of this Commonwealth . . ." The Act of 1923 specifically repealed the Act of May 13, 1887, P. L. 108 (the Brooks Law) and its amendment of May 5, 1921, P. L. 407, and all other acts or parts of acts inconsistent with its provisions. Since it had been held that the Acts of 1887 and 1897 should be construed together, (*Commonwealth v. Terry,* supra, *Johnston's License,* supra) the Act of 1897, while not specifically repealed, must be held to have been repealed because it was inconsistent not only with the Act of 1923 but also with the present Liquor Control Act, and we so hold.

Appellant urges upon us that, since the Act of 1897 has not been specifically repealed, we should hold that it was merely suspended by the National Prohibition Amendment and revived upon the repeal of that amendment and that it is not inconsistent with the Liquor Control Act which repealed the Act of 1923. This is a rather ingenious argument; but that the legislature in-

tended the mere fact of selling intoxicating liquor or beverage to a minor to constitute an offense irrespective of intention or good faith, is in our opinion clearly apparent upon a review of its subsequent legislation on the subject.

Section 602 (5) of the Liquor Control Act provides in part as follows: "It shall be unlawful *for any licensee, or the board, or any employe, servant or agent of such licensee or of the board,* to sell, furnish, or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given . . . to any minor . . ." (Emphasis added.) Manifestly, this section reveals an intention not to revive an act that would be of benefit only to a "licensed vendor" as provided by the Act of 1897. Rather, it manifests an intention to legislate anew upon the subject. Had the legislature intended that a licensee should be permitted to defend on the ground "that the intoxicating liquor was not furnished to a minor either knowingly or negligently," it would have been unconscionable for it not to have permitted the board or any employe of the board to defend on the same ground. But nowhere in the Act does there appear an intention to limit the prohibition on sales to minors to wilful and intentional violation, either upon the part of a licensee or the board, or any employe of the licensee or the board.

In *Commonwealth v. Liberty Products Company,* 84 Pa. Superior Ct. 473, where the defendant was charged with a violation of the Act of 1923, supra, this court held (pp. 475-476) : "Ordinarily intent is a necessary ingredient of a criminal offense, but there are well recognized exceptions to this rule, as respects acts made criminal by statute. The subject is treated in Greenleaf on Evidence (Vol. 3, sec. 21) as follows: 'Ignorance or mistake of fact may in some cases be admitted as an excuse; as where a man intending to do a lawful act, does that which is unlawful. . . . This rule would seem to hold good in all cases when the act, if done knowingly,

would be malum in se. But where a statute commands that an act be done or omitted, which, in the absence of such statute, might have been done or omitted without culpability, ignorance of the fact or state of things contemplated by the statute, it seems, will not excuse its violation. . . .' "

The rule followed in that case was never more succinctly or concisely stated than in the language of Chief Justice COOLEY, in *People v. Roby,* 18 N. W. 365 (Mich.) as follows: "Many statutes which are in the nature of police regulations, as this is, impose criminal penalties, irrespective of any intent to violate them, the purpose being to require a degree of diligence for the protection of the public which shall render violation impossible."

We fully realize that no matter how diligently the Liquor Control Act is enforced, it will not make the sale of liquor to minors impossible because it is often difficult for a licensee or his employes, or the employes in the state liquor stores, to determine the age of the person who may be served or sold intoxicating liquor. But if there is to be any relaxation of the prohibition against sales to minors, the persons who feel themselves aggrieved by the present restrictions will have to look to the legislature and not to the courts for relief.

Judgment affirmed.