## D. and R. Beer Distributors Appeal

*Clement J. Reap*, for Pennsylvania Liquor Control Board.

*Neville B. Shea*, for appellants.

FLANNERY, J., February 23, 1956.—The present case has come before the court on appeal from an order

of the Pennsylvania Liquor Control Board suspending the beer distributor's license of appellants for a period of five days.

On September 9, 1955, the Pennsylvania Liquor Control Board issued a citation to appellants, Larry F. Daugert and Charles J. Raklewicz, licensees, charging violations of the liquor laws in the conduct of their business. As a result of a hearing held pursuant to the citation the liquor board found the following facts:

"The licensees, their servants, agents or employes sold, furnished and/or gave malt or brewed beverages to minors during the month of April, 1955, and on May 6, 1955."

Based on the facts as found, the liquor board ordered the suspension.

On appeal from an order of the liquor board it is the duty of this court to hear the matter de novo and, after such hearing, to affirm or disaffirm the facts as found by the board. If the facts remain unchanged, the penalty must stand. If the court, as a fact finding body, disagrees with the findings of the board, it has the authority to change the penalty, if any, to fit the violation thus found: Pacewicz Liquor License Case, 152 Pa. Superior Ct. 123; Reiter Liquor License Case, 173 Pa. Superior Ct. 552.

In reviewing the record this court finds that there is no substantial contradiction in the testimony. The evidence given by George W. Line, a minor 17 years of age, concerning the sales made to him at appellants' place of business was corroborated by the investigation and testimony of Mr. George Picton, an enforcement officer of the liquor control board, and remained uncontradicted. Equally convincing was the testimony of Mr. Daugert and Mr. Raklewicz to the effect that any sales made to a minor were made with complete lack of knowledge and in absolute good faith. In addition, and bearing on appellants' second point, no ap-

parent issue was taken concerning the dates of the discovery, investigation or prosecution of the alleged violation.

In view of the new issues raised on appeal, more extensive findings are considered necessary. Thus the court finds:

1. That the licensees, their servants, agents or employes sold malt or brewed beverages to a minor during the month of April, 1955, and on May 6, 1955.

2. That the licensees kept no file of minors' identification cards, but that the above-mentioned sales, otherwise, were made in good faith.

3. That the licensees made an application for the renewal of their distributor's license on June 1, 1955.

4. That the Pennsylvania Liquor Control Board was in possession of information concerning the alleged violation on June 20, 1955.

5. That the license of appellants expired on July 31, 1955, and was renewed on August 1, 1955.

6. That the citation, under which the enforcement of the alleged violation was attempted, was executed on August 10, 1955.

7. That the above-mentioned citation, being appellants' first actual or constructive notice of any impending proceedings, was served on appellants on September 9, 1955.

8. That a hearing was held pursuant to the above-mentioned citation on September 22, 1955, by the Pennsylvania Liquor Control Board.

Appellants through able counsel contend in the first instance that they have not violated the liquor laws of this Commonwealth relating to sales to minors: Act of April 12, 1951, P. L. 90, sec. 493, 47 PS §4-493. This contention is based on the theory that the Liquor Code authorizes the defense of good faith: Act of April 12, 1951, P. L. 90, sec. 495, 47 PS §4-495. We reject

the application of this theory to the facts at hand. Appellants have made sales to a minor, and it is clear that such sales constitute a violation of sec. 493 of the Act of 1951, supra. Moreover, appellants may not claim the defense of good faith.

Sec. 495(e) of the Act of 1951, supra, in general provides for the use by licensees of identification cards in the sale of intoxicating beverages to facilitate the determination of whether the purchaser is 21 years or older. It specifically provides that:

"The signed statement in the possession of a licensee may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the Liquor Control Board or the courts are satisfied that the licensee acted in good faith."

Prior to the enactment of this provision it was clear that the mere fact of selling intoxicating beverages to a minor was illegal irrespective of intention or good faith: Commonwealth v. Borek, 161 Pa. Superior Ct. 200. It is the considered opinion of this court that the cited provision does not supersede the holding in Commonwealth v. Borek, supra, except in the case where the licensee fully avails himself of its requirements relating to the use of minors' identification cards. In all other cases the law remains the same, and the good faith of the licensee is immaterial: Pennsylvania Liquor Control Board v. Anson, 14 Beaver 141; Commonwealth v. Steingraber, 41 Berks 117.

Appellants also contend that suspension of their license is improper because there was undue delay on the part of the liquor control board in the enforcement of the violation. Appellants rely on Seila's Liquor License Case, 124 Pa. Superior Ct. 519. In that case it was held that revocation proceedings may be started after the expiration of the license under which the violations were committed if, as sound judicial discre-

tion determines on the facts of each case, there has been no undue delay in the enforcement of the law. Not only does the board deny delay, but it also denies that the principle has any application. The board takes the position that the present case is controlled by the Act of April 12, 1951, P. L. 90, sec. 471, 47 PS §4-471, which substantially reënacted sec. 410 of the Act of June 16, 1937, P. L. 1762 whose pertinent provisins were originally enacted subsequent to the decision in Seila's Liquor License Case, supra. Sec. 471 of the Act of 1951, supra, provides that:

"Upon learning of any violation of this Act . . . by any licensee . . . the board may, within one year from the date of such violation or cause appearing, cite such licensee . . . to show cause why such license should not be suspended or revoked. . . ."

In our view this provision determines the immediate legal question and the liquor board has the right to prosecute the violation in view of the fact that one year had not elapsed from "the date of such violation or cause appearing" to the issuance of the citation: Panichi's License, 41 D. & C. 256; Appeal of Bard, 48 Lanc. 576.

Finally, appellants contend that their renewal license cannot be suspended because the liquor board, at the time the application for renewal was filed, did not give notice that a citation was about to be issued. The provisions of the liquor code to which appellants make reference must, therefore, be considered.

Sec. 470 (*a*) of the Act of 1951, supra, provides that:

". . . Unless the board shall have given ten days' previous notice to the applicant of objections to the renewal of his license . . . the license of a licensee shall be renewed. . . ."

Sec. 470 (*b*) of the Act of 1951, supra, provides that:

"In cases where a licensee or his servants, agents or employes are arrested, charged with violating any

of the laws of this Commonwealth . . . and where the board has on file in such cases reports of its enforcement officers or investigators or from other sources that a licensee or his servants, agents or employes have violated any of the aforementioned laws and a proceeding to revoke such licensee's license is or is about to be instituted, and such arrest occurs or report of violations is received or revocation proceeding instituted or about to be instituted during the time a renewal application of such license is pending before the board, the board may, in its discretion, renew the license, notwithstanding such alleged violations, but such renewal license may be revoked if and when the licensee or any of his servants, agents or employes are convicted of or plead guilty to violations under the previous license, as aforesaid, or if and when such previous license is for any reason revoked."

Sec. 470(a) of the Act of 1951, supra, is not applicable in this case since the liquor board had no objections to the renewal of appellants' license. In fact the board renewed the license.

Sec. 470(b) of the Act of 1951, supra, provides for the suspension of a license that is renewed at a time when suspension proceedings are about to be instituted: In re Revocation of Liquor License of Farr, 33 Luz. 210. This section has no notice requirements. Moreover, if the 10 days' notice requirements in sec. 470(a) were read into 470(b) as a condition precedent to the subsequent enforcement of charges then under investigation, a licensee would have a period of nine days within which he could violate the law without fear that his application for renewal could be challenged or that his renewal license could be suspended or revoked. This is not accepted as the intent of the legislature. Thus suspension of appellants' license is proper despite the fact that no notice was given to appellants prior to the renewal of such license.

Having affirmed the liquor control board's findings of fact, this court cannot alter the penalty: Reiter Liquor License Case, supra.

Wherefore, the appeal is denied and the decision of the Pennsylvania Liquor Control Board is affirmed, and it is ordered and decreed that the renewal distributor's license no. D-3385 issued to appellants, trading as D. and R. Beer Distributors, situate at 286 Carey Avenue, rear, Wilkes-Barre, be and it is hereby suspended for a period of 5 days, beginning at 7 a.m., March 2, 1956, and ending at 7 a.m., March 7, 1956.