Commonwealth *v.* Koczwara, Appellant.

Argued November 10, 1958.   Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ.
(WOODSIDE, J., absent).

*Irving L. Epstein,* for appellant.

*Joseph J. Cimino,* Assistant District Attorney, with him *Carlon M. O'Malley,* District Attorney, for appellee.

OPINION BY HIRT, J., December 9, 1958:

The defendant was the proprietor of a tavern on Jackson Street in the City of Scranton; at that place he had a restaurant liquor license issued by the Pennsylvania Liquor Control Board. Two counts of the indictment in this case charged that he on specific dates permitted minors to frequent the licensed premises without parental or other supervision, contrary to the provisions of Article 4, §493, subsection 14 of the Liquor Code of April 12, 1951, P.L. 90; a third count charged the sale of beer to two named minors in violation of subsection 1 of §493 of the Code, 47 PS §4-493. The defendant was convicted by a jury on all three counts and, because of a previous conviction was sentenced under §494 of the Code, 47 PS §4-494, to pay a fine of $500 and to undergo imprisonment in the Lackawanna County jail for three months. In this appeal the defendant contends that the evidence was insufficient to sustain his conviction of violations of subsections 1 and 4 of §493, because of the total absence of proof that he was present on any of the occasions or that he knew of sales to minors or of their unlawful presence on the premises. It is also contended that defendant's sentence as a second offender under the Code was not justified by the circumstances.

At the trial Paul Gidula and John Kopicki, both but 16 years of age, and three other minors testified that they went into defendant's tavern through a side entrance from an alley, on February 8, 1958 and that while there for an hour and one-half they paid for and were served four beers apiece by the bartender then in charge of the place. Two of the group testified that they were permitted to frequent the tavern, without the supervision required by the Code, on February 1, as well as on February 8, 1958, the dates laid in the indictment. And they testified that they had entered the tavern from the same side door and were there unlawfully on several other occasions in January 1958, when they also bought beer from the bartender and were served by him. The five minors appeared at the trial and testified at the instance of an enforcement officer of the Liquor Control Board, who had interviewed the boys in the course of investigating complaints involving defendant's Jackson Street tavern. There is no evidence that the defendant was present on any one of the occasions testified to by these witnesses nor that he had any personal knowledge of sales of beer to them.

The Pennsylvania Liquor Code in §493 contains twenty-five prohibitions as unlawful acts, which include the two offenses charged in the present case. But nowhere in the code does there appear any intention to limit unlawful sales to minors, or their unlawful presence on the premises, to willful and intentional violations, by the licensee himself or even by his employe in charge of the place in his absence. Ordinarily under the Common Law intent is a necessary ingredient of a criminal offense, but not so as to violations of the police measures of the Liquor Code. This statute imposes criminal penalties irrespective of any intent to violate them, the purpose, however difficult of

attainment, being to require a degree of diligence for the protection of the public, which shall render violation impossible. Intent need not be shown to support a conviction under a valid statute in the exercise of police power. *Commonwealth v. Zasloff,* 137 Pa. Superior Ct. 96, 8 A. 2d 801. Lack of intent or ignorance of facts contemplated by the Code, therefore, did not excuse the violations in this instance. That is settled law. *Commonwealth v. Borek,* 161 Pa. Superior Ct. 200, 54 A. 2d 101. Cf. *Commonwealth v. Babb,* 166 Pa. Superior Ct. 63, 70 A. 2d 660.

So also, the fact that the violations were the acts of defendant's bartender and were done in his absence from the premises does not invalidate the convictions. In *Commonwealth v. Jackson,* 146 Pa. Superior Ct. 328, 22 A. 2d 299, affirmed per curiam in 345 Pa. 456, 28 A. 2d 894, the defendant was not present at the actual sale of milk in violation of the statute, although he had directed the purchaser to a dairy maid and stated that she was in charge of sales. In the instant case the Jackson Street tavern was not the only licensed business conducted by the defendant. He operated two other similar establishments in Scranton; one of them was licensed in his name and that of his wife and as to the other he was co-licensee with his daughter. Of necessity the responsibility of actual operation had to be delegated to some extent in these places, and the bartender, when in charge of the Jackson Street tavern during defendant's absence, was more than a mere servant; he was defendant's agent and the defendant therefore became legally responsible for his illegal acts while operating the business.

Section 494, supra, enlarges the penalties on the conviction of a second offender who had violated the provisions of the Code. The indictment averred a prior conviction of the defendant in this language: "that

the said John Koczwara prior thereto, to wit: on the twenty-first day of April, in the year of our Lord one thousand, nine hundred and fifty-five entered a plea of guilty before the Honorable T. L. HOBAN, for unlawfully selling liquor and malt and brewed beverage on Sunday, the said John Koczwara then and there being a licensee under a restaurant liquor license issued by the Pennsylvania Liquor Control Board . . ." On motion of *defendant's* counsel, however, the averment of the indictment was removed from the jury's consideration. And to avoid possible prejudice of the defendant by the charge of a former conviction the indictment was not sent out with the jury. In *Commonwealth v. Scott,* 54 D. &. C. 243, 252, a distinguished judge said: "1. That the indictment must contain an averment of such conviction and sentence. 2. That where there is no averment of a former conviction in the information, the grand jury may of its own motion, make such presentment in the indictment. 3. That on the trial of the substantive offense, the Commonwealth may not submit evidence of the former conviction, unless the former conviction may be put in evidence to affect his credibility or the defendant has put his character or reputation in evidence, and that the original indictment, with the averment of former conviction, should not be sent out to the jury; but that an exact copy, with the exception of such averment, may be. 4. That after conviction on the substantive averment, the district attorney should present in writing, a suggestion to show cause why the enlarged sentence should not be imposed, to which the defendant may answer." What was done in the instant case is consistent with the above procedure suggested by Judge HARGEST. The indictment was not sent out with the jury. And after verdict the district attorney filed a suggestion of the prior conviction. In his answer to

158

the suggestion, the defendant admitted his identity as the offender previously convicted and sentenced. When by his admission, defendant was proven to be a second offender under the Liquor Code the court was bound under §494 to impose the enlarged penalty there prescribed.

Judgment of sentence affirmed and it is ordered that defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.