Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* 4828 North Broad Corporation, Appellee.

Submitted on briefs June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Felix Thau,* Assistant Counsel, with him *Gary F. DiVito,* Acting Chief Counsel, for appellant.

*Paul D. Sulman,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 19, 1983:

The Pennsylvania Liquor Control Board (Board) appeals a Philadelphia County Common Pleas Court order reversing the Board's imposition of a fine. We affirm in part and remand.

On August 21, 1980, 4828 North Broad Corporation (Licensee) executed a renewal application for its liquor license. Item No. 4 on the application posed the following question:

Is a current valid health license posted on the premises?

On August 21st, the Licensee did *not* have a valid "Preparing and Food Serving License" from the City's Department of Licenses and Inspections; in fact, the establishment had been without a permit since *April 30, 1980.* Consequently, in order to expedite the application's preparation, Item No. 4 was left blank at the time the document was signed and notarized. Later, on August 27, 1980, the Licensee obtained a valid health permit and notified its attorney, who completed Item No. 4 and submitted the application to the Board on September 2, 1980. The application was approved on September 11, 1980.

On October 8, 1980, the Board cited the Licensee for the following alleged violations:

    1) falsification of its license renewal application; and

    2) operating an establishment without a valid health permit between April 30, 1980 and August 27, 1980.

The Board imposed a $150.00 fine for these violations.

After a *de novo* hearing, the common pleas court, concluding that the Licensee had not falsified its renewal application, reversed the Board. The trial court, however, failed to address whether the establishment was properly fined for operating for approximately four months without a health permit.

Where the common pleas court has taken additional evidence, our review is limited to determining whether there is substantial evidence to support the court's findings and whether the court abused its discretion or committed an error of law. *Daras Liquor License Case,* 65 Pa. Commonwealth Ct. 456, 442 A.2d 859 (1982).

Section 403(h)[1] of the Pennsylvania Liquor Code (Code) provides that:

> If any false statement is intentionally made in any part of the application, the affiant shall be deemed guilty of a misdemeanor and, upon conviction, shall be subject to the penalties provided by this article.

The Board argues that the Licensee, having procured a health permit and having completed Item 4 at a later date, intentionally misrepresented that the *entire* renewal application was accurate *as of the date of the signature (i.e., August 21, 1980).* This argument is without force. The application, *as submitted to the Board,* was complete and truthful. Since the document contained no false or misleading statements when it was sent to the Board, the Licensee cannot reasonably

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-403(h).

be charged with intentionally falsifying an application.[2]

The Board also cited the Licensee for operating its establishment from April 30, 1980, to August 27, 1980, without a valid health permit. Although the trial court found that the Licensee had no health permit during the period in question, it failed to determine whether this constituted a violation of the Liquor Code or the regulations promulgated thereunder. On this issue we are unable to exercise our appellate review. We must remand for the trial court to make the appropriate findings and conclusions.

Affirmed in part and remanded.

### ORDER

The Philadelphia Common Pleas Court order, No. 8103-2444, dated October 19, 1981, is hereby affirmed insofar as it reverses the Pennsylvania Liquor Control Board's determination that 4828 North Broad Corporation had falsified its restaurant liquor license application. The matter, however, is remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.

------

[2] We note the obvious: whether an application has been falsified intentionally is to be determined on a case-by-case basis.