559 A.2d 105

**Lewis E. EGBERT, d/b/a Lewie's Lounge, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 14, 1989.

Decided May 23, 1989.

William J. Kubiak, McDowell, McDowell, Wick & Daly, Bradford, for appellant.

Faith S. Diehl, Asst. Counsel, Cheryl G. Young, Chief Counsel, Harrisburg, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Lewis E. Egbert, d/b/a Lewie's Lounge (Licensee) has appealed from an order of the Court of Common Pleas of

McKean County dismissing his appeal from an order of the Pennsylvania Liquor Control Board (PLCB) suspending his liquor license for a period of five days.

The facts are as follows. In June of 1986, Licensee filed a liquor license renewal application for the premises located at 545 South Avenue in Bradford. Licensee indicated on the application that there was a valid health permit. However, the PLCB, pursuant to an investigation begun on January 26, 1987, determined that the health permit for the premises had been "deleted" as of May 12, 1986. Licensee was cited for supplying false information on his restaurant liquor license renewal application and for operation of the licensed establishment without a valid health permit.

Licensee testified before the PLCB[1] that he was unaware, when he filed the renewal application, that his health permit was not valid. He explained that he had applied for a health permit for premises at 434 South Avenue, where he hoped to transfer his business. This new permit was granted on May 12, 1986 and the old permit for 545 South Avenue was simultaneously deleted from the Department of Environmental Resources' (DER's) computer files. Licensee testified that he was unaware of the deletion and did not know his health permit was invalid until he received the PLCB citation. The DER sanitarian who handled the health permit transaction testified that he could not recall notifying Licensee that the old permit, which had been effective through July 31, 1986, would be deleted upon issuance of the new one, and that DER does not send notices in such a situation. Deleting the old permit from the computer meant that Licensee would not automatically receive a renewal application.

On Licensee's appeal to common pleas court, he argued that he had not *intentionally* supplied false information. The trial court determined that the information supplied

---

1. The parties agreed to submit the transcript of the testimony taken before the PLCB to the trial court. The court decided the case on the basis of that record, along with the additional testimony it received.

was false and that there was no need for proof that the violation was intentional, relying upon *Commonwealth v. Koczwara,* 188 Pa. Superior Ct. 153, 146 A.2d 306 (1958).[2]

Licensee's sole argument on appeal to this Court is that he cannot be charged with intentionally supplying false information when he was unaware that his health permit was deleted. Under the circumstances of this case, we agree that the trial court was required to make factual findings on the issue of whether Licensee had intentionally supplied false information on his application.

Section 403(h) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–403(h) provides that "[i]f any false statement is *intentionally* made in any part of the application, the affiant shall be deemed guilty of a misdemeanor and, upon conviction, shall be subject to the penalties provided by this article." (Emphasis added.)[3] In the Supreme Court opinion in *Koczwara,* the Court addressed the question of whether the Legislature intended to impose vicarious criminal liability upon a licensee for acts committed on the licensed premises when the licensee was not present. In upholding the fine [4] for allowing minors to frequent the licensed establishment and for permitting sales to minors, the Court specifically noted that the language of the Code sections under which the licensee was cited did not "require the prohibited acts to have been done either knowingly, wilfully or intentionally...." *Id.* 397 Pa. at 583, 155 A.2d at 829.

Obviously, because Section 403(h) specifies that penalties will be imposed for "false statement[s] ... intentionally

2. Although the trial court, Licensee and the PLCB all cite the Superior Court opinion in *Koczwara,* we note that the Pennsylvania Supreme Court modified that decision in *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959).

3. Although Section 403(h) speaks generally of new and transfer applications for hotel, restaurant and club liquor licenses, this Court has previously applied it to a renewal application. *See Pennsylvania Liquor Control Board v. 4828 North Broad Corp.,* 77 Pa. Commonwealth Ct. 225, 465 A.2d 714 (1983).

4. The court refused to permit the imposition of a vicariously imposed prison term.

made," *Koczwara* does not apply. As this Court stated in *4828 North Broad Corp.*, 77 Pa. Commonwealth Ct. at 228, n. 2, 465 A.2d at 716, n. 2, "whether an application has been falsified intentionally is to be determined on a case-by-case basis."

Because the trial court failed to make findings and conclusions with regard to this issue, we are unable to exercise our appellate review and must remand.[5]

## ORDER

AND NOW, this 23rd day of May, 1989, the order of the Court of Common Pleas of McKean County in the above-captioned matter is hereby vacated and the matter remanded to that court for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

5. The trial court noted in its opinion, filed June 13, 1988, that it was without power to modify the penalty imposed by the PLCB because it had found the violations to be supported by the evidence. We note that the law has since changed, and that the trial court will be required on remand to exercise its discretion in determining whether to sustain, alter or modify the penalty imposed. *See Adair v. Pennsylvania Liquor Control Board*, 519 Pa. 103, 546 A.2d 19 (1988).